# SUPREME COURT.

## JESSE HALL, administrator, &c., agt. RICHARD VAN VRANKIN.

*Evidence — Comparison of a disputed writing with any writing proved to be genuine — Proof of genuineness addressed to the court — Laws of 1880, chapter 36 — Sufficiency of proof.*

The statute of 1880, chapter 36, permits the comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine. This proof of genuineness is addressed to the court in distinction from the jury, and error cannot be alleged in respect thereto.

Where in an action on a promissory note a deed acknowledged by the defendant was offered for the purpose of comparing the signature, the defendant being present at the trial and making no offer to disprove the genuineness of the signature to the deed:

*Held*, that there was no error in the admission of the deed for comparison only. There was not an absence of all evidence as to the genuineness of the signature to the deed, and therefore there was no error in this respect.

Hall agt. Van Vrankin.

Identity of name coupled with the fact that the defendant made no offer to disprove the assertion that he was the signer of the deed, was enough to authorize the court to hold the signature of the deed to be the defendants.

*Third Department, General Term, September,* 1882.

*Before* LEARNED, *P. J.,* BOCKES *and* WESTBROOK, *JJ.*

APPEAL from a judgment of the Fulton county court affirming a justice's court judgment.

Action to recover upon a note to plaintiff's intestate, alleged to have been made by defendant, the making and delivery of which the latter, by his answer, denies. He also pleads payment.

All that appears on the part of plaintiff, as fact, with reference to the making and delivery of the notes is, that it came to plaintiff's hands with other effects of his intestate; that defendant admitted to plaintiff that he knew there was such a note, but that it was paid; that a relative of defendant's, the witness Phair, told plaintiff the note against the defendant was all right, had not been, but would be paid. The testimony as to the relative's assertion was objected to. The plaintiff was also permitted to testify, under objection, that Phair never told him the note was paid.

Plaintiff did not attempt to disprove the defendant's assertion that the note was paid. And he expressly stated that he did not know whether or not it was paid. A witness for defendant states that he heard plaintiff's intestate tell defendant he would bring the note to him; and that subsequently he heard him tell defendant he could not find the note; he had either lost or destroyed it.

At the close of his case, plaintiff was permitted to announce his opinion, based upon the evidence he had before him, that the signature to the note was defendant's. Defendant objected.

Plaintiff introduced a deed for the purpose of using the grantor's signature thereto as a standard by which to compare the signature to the note. There was no proof that the sig-

Hall agt. Van Vrankin.

nature to the deed was that of defendant. Experts were then called to make the comparison. All this was duly objected to.

On cross-examination of plaintiff, he was shown the note and was asked: Is that the signature of defendant attached thereto? An objection to the question was sustained.

On this evidence, the justice rendered judgment in favor of the plaintiff and against the defendant for the amount of the note and costs. On appeal, on the law of the case, the county court affirmed it, delivering the following opinion:

BAKER, *County Judge.* — This was an action brought upon a promissory note by the plaintiff as administrator of the goods and chattels of Eber C. Durkee, deceased. The defense was a general denial and payment. Judgment was rendered in the court below in favor of the plaintiff for fifty-nine dollars and ninty cents damages and five dollars and eighty cents costs, in all sixty-five dollars and seventy cents. The defendant has appealed to this court and claims that the justice erred in refusing to permit the defendant to answer certain questions in regard to the making and execution of the note in suit; also, that the justice erred in the admission of a deed in evidence to form the basis of comparison in handwriting.

I think the question asked the defendant had reference to transactions had with himself and deceased.

The following are the questions put to the defendant:

Did you have dealings with him (Durkee) during his lifetime? Did you, on or about May 21, 1878, make and execute a promissory note to Eber C. Durkee? Is the signature to plaintiff's exhibit "B" (the note) yours? Have you paid the note?

The plaintiff objected to these questions and the justice sustained the objections.

The answers to the questions would not have been in reply to any evidence given on the part of the plaintiff.

Evidence that would lead to the inference that a personal transaction took place between the deceased and defendant in relation to the note, I think, is inadmissible under section 829 of the Code. The evidence called for by the question would have reference to matters or transactions between the defendant and deceased, and might have been contradicted by the deceased had he been living.

I see no error on the part of the justice in refusing to allow the defendant to answer these questions. By chapter 36, Laws of 1880, comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine is permitted. The introduction and receiving the deed in evidence in the case at bar was for the purpose of forming a basis of comparison. Under section 935 of the Code the deed offered in evidence was proper in form, and raised the presumption that it was signed by the person it purports to have been signed by, and if this deed satisfied the justice as to the genuineness of the signature he had the right to receive it in evidence, in order that the comparison between it and the disputed writing might be made. I am of the opinion that no error was committed in receiving the deed in evidence. If the justice was right in his rulings as to the admissions of evidence in the case — and I fail to see any errors — that would warrant a reversal of the judgment. The question as to the giving of the note and its payment were questions of fact that were disputed on the trial, and the justice having decided these questions, his decision must be final.

If I am right in my views in regard to this case, it follows that the judgment should be affirmed.

*A. J. Nellis*, for appellant.

I. The comparison permitted to be made by the experts between the signatures to the deed and the note in question was error. The statutes permits comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine (*Laws of* 1880, *chap.* 36). In other states

Hall agt. Van Vrankin.

where the common-law rule has been thus, by statute or other-
wise, relaxed, it is nevertheless held that the standard of
comparison sought to be introduced must be either admitted
to be genuine, or proved so to be by undoubted evidence
(*McKeone* agt. *Barnes*, 108 *Mass.*, 344 ; *Pavey* agt. *Pavey*,
30 *Ohio St.*, 600 ; *Van Sickle* agt. *People*, 29 *Mich.*, 61 ;
*State* agt. *Hastings*, 53 *N. H.*, 452 ; *Travis* agt. *Brown*, 43
*Penn. St.*, 9 ; *Baker* agt. *Mygatt*, 14 *Iowa*, 131 ; *Heard* agt.
*State*, 9 *Tex. App.*, 1). In this case the genuineness of the
signature to the deed is not admitted. 1. Under our statute,
giving it the most liberal construction possible, there must be
some proof as to the genuineness of the standard. On this
point the trial court cannot be arbitrarily satisfied. The
acknowledgment to the deed in question was no proof
that the grantor affixed his signature thereto with his own
hand. If one acknowledges and delivers a deed which has
his name and seal affixed to it, the deed is valid, no matter by
whom the name and seal were affixed, or whether they were
affixed with or without the grantor's consent. By the
acknowledgment the grantor declares, not that he wrote the
signature or any other part of the instrument but that he
adopts the whole instrument as his act and deed. So held in
a case where the grantor's name was affixed by the grantee
(*Clough* agt. *Clough*, 73 *Me.*, 487); by the grantor's wife in
his absence (*Bartlett* agt. *Drake*, 100 *Mass.*, 174); by a third
party in the grantor's presence (*Gardner* agt. *Gardner*, 5
*Cush.*, 483). By an act equivalent to the acknowledgment
of a deed, a person may adopt a forged signature upon com-
mercial paper (*Greenfield Bank* agt. *Crafts*, 4 *Allen*, 447).
In 1855, section 2404 of the Iowa Code provided that "evi-
dence respecting handwriting may be given by comparison
made by experts, or by the jury, with writings of the same
person proved to be genuine." And it was held under this
section that the acknowledgment of a mortgage was not evi-
dence of the mortgagor's signature so as to permit it to be
used as a standard of comparison (*Hyde* agt. *Woolfolk*, 1 *Iowa*

[1 *Clarke*], 159).    The court say the grantor does not acknowledge that the signature is in his handwriting; he acknowledges the conveyance, and thereby adopts the signature, though a third party may have written it.    In *Martin* agt. *Maguire* (7 *Gray*, 177) it was held that a party to an action by reading a deed to the jury did not admit that the signature was in the handwriting of the person whose name appeared as grantor therein, so as to permit its use as a standard of comparison.    The court say it might be a valid and legally executed deed, though the name was written by some other person.    The learned county court seems to think that the deed was properly introduced as a standard of comparison because section 935 of the Code of Civil Procedure makes an acknowledged deed evidence without further proof thereof. If his view is the correct one, the record of the deed, or a transcript thereof, would have been equally proper as a standard of comparison; for the same section declares that such record or transcript is evidence, with like effect as the original conveyance.    The whole section clearly shows that an acknowledged deed is evidence only of the fact of a conveyance; not that the instrument by which the conveyance is made, or any part of it is in the handwriting of the grantor; it is evidence of such fact as can be as well proved by the record of the deed or a transcript from such record, and nothing more. 2. Even if the acknowledgment of the deed raises a presumption that the signature was in the grantor's handwriting, yet, before the signature can be used as a standard of comparison, there must be some proof of the identity of the grantor and the defendant.    For, to prove the signature of a person, it is not enough to show that it is the same with the signature of a man bearing the same name, but it must be proved to be written by the same person (*Kinney* agt. *Flynn*, 2 *R. I.*, 319).    In the case at bar, the deed introduced as a standard of comparison was made in 1860, by a party living in Saratoga county. The note was made in 1879, in the county of Fulton, where the case shows the defendant resided.    But no proof of the

Hall agt. Van Vrankin.

identity of the makers of these several instruments was offered. And from the difference in time and place, the presumption should be that they were not the same party.

*N. H. Anibal*, for respondents.

I. No error was committed by the justice in permitting the deed "Exhibit C," to be received in evidence and to use the signature thereto as a basis of comparison with the signature of the note in question.   1. A comparison of a disputed writing with any writing, proved to the satisfaction of the court to be genuine, is permissible, and is proper evidence to be submitted to the court of the genuineness of the defendant's signature to the note in question (*Chap.* 36 *of Laws of* 1880).   2. The deed in question was duly acknowledged before a justice of the peace of Fulton county and proves itself, and presumptively proves the signature to the deed to be in the handwriting of the defendant (*Sec.* 935 *of Code*; *Morris* agt. *Wadsworth*, 17 *Wend.*, 103; *Thurman* agt. *Cameron*, 24 *Wend.*, 87; *Abbott's Trial Ev.*, 6; *Clark* agt. *Noxon*, 5 *Hill*, 36; *and many other cases*).   3. The testimony of the witness Phair shows the full name of the defendant to be Richard G. Van Vranken, the same name as that attached to the deed and identity of persons is presumed from identity of names (*People ex rel. Haines* agt. *Smith*, 45 *N. Y.*, 772, see opinion, 779; *Abbott's Trial Ev.*, 398; *Jackson* agt. *King*, 5 *Cow.*, 237, opinion, 240, 242; *Jackson* agt. *Boneham*, 15 *Johns.*, 226, 227; *Hatcher* agt. *Rocheleau*, 18 *N. Y.*, 86; *Jackson* agt. *Goes*, 13 *Johns.*, 518; *Jackson* agt. *Cady*, 9 *Cow.*, 140; 1 *Whar. Ev.*, sec. 701; 2 *Whar. Ev.*, sec. 1273; 4 *N. Y. Legal Observer*, 424).   4. The name of defendant is the same as that of the signature to the note.   The middle letter, " G," which appears in the name of defendant, and also in the signature to the deed, is omitted in the note, but the law recognizes but one christian name and one family name.   A separate single letter is not a name (*Frank* agt. *Levie*, 5 *Robt.*, 599; 5 *Johns.*, 84; 2 *Cow.*, 463).   The omission of the

middle letter of defendant's name is an immaterial variance and does not affect defendant's liability (*Van Voorhis* agt. *Budd*, 39 *Barb.*, 479; *Milk* agt. *Christie*, 1 *Hill*, 102). 5. The testimony of witnesses West and Fry show that the signature to the note is in the same handwriting as the signature to exhibit " C," the deed. The deed and note were both inspected by these witnesses and also by the justice. 6. It may be claimed that the acknowledgment proves the execution of the deed, but not that the signature thereto is that of the defendant, but the execution of a deed consists of three distinct acts, viz., signing, sealing and delivering (1 *Bouv. Law Dic.*, 553 ; *Whar. Law Dic.*, 217, 284 ; *Web. Unabridged Dic.*, 477). And Webster defines the word " sign " as follows: " To subscribe in one's own handwriting." 7. Under chapter 36 of the Laws of 1880, it is not necessary to absolutely prove that the signature to the deed is that of the defendant. It having been presumptively proved that such signature was his, he should have denied that such was the fact if he desired to rebut that presumption (*Sec.* 936, *Code of Civil Pro. ;* 5 *Cow.*, 242 ; *Jackson* agt. *Goes*, 13 *Johns.*, 518; *Jackson* agt. *Woodruff*, 9 *Cow.*, 139). 8. The deed purports to have been signed by defendant. Defendant was present in court and might have testified that the signature thereto was not his, but he did not offer to do so.

LEARNED, *J.* — The statute of 1880 (*chap.* 36) permits the comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine. This proof of genuineness therefore is addressed to the court in distinction from the jury. The evidence on this point is not direct evidence upon the merits. It is somewhat analogous to evidence tending to prove the competency of one who is called as an expert and the like.

And the general rule in regard to such classes of evidence is that, as the evidence is addressed to the court, error cannot be alleged in respect thereto. The degree of proof which

Hall agt. Van Vrankin.

shall show that a witness has experience enough to testify as an expert must be left to the trial judge. So too the sufficiency of the proof which shall show that a paper is genuine so that it may be used for comparison must be also left to the trial judge. Possibly to admit a paper without any evidence of its genuineness might be error.

Now in this case a deed executed and acknowledged by the defendant was admitted for the purpose of comparison with the disputed note. And the defendant objects to this.

Of course a person whose name had been signed to a deed might acknowledge the instrument, and thus adopt a signature made by some other person. And therefore an acknowledgment of a deed is not conclusive evidence that the signature is that of the party. But it is certainly *prima facie* evidence of that fact. In the very great majority of cases signatures to deeds are made by the parties thereto. The cases are rare where a party adopts a signature made by another person.

If a person on borrowing money were to deliver a note purporting to have been signed by him, would not that be *prima facie* evidence that the signature was in fact his own? True he might have caused some one else to sign for him, and by adopting the signature might bind himself. But in the majority of cases such signature would be genuine, and it is therefore *prima facie* to be considered.

Witnesses have often testified to a knowledge of handwriting based on correspondence with the party. Now in such cases the correspondence might possibly have been written by some other person with the authority of the party whose name was used. Yet, inasmuch as persons usually write their own letters (unless the letters otherwise indicate), a knowledge of handwriting gained by correspondence makes a witness competent; although the witness never saw the party write.

Now, in the present case, a deed acknowledged by the defendant was offered for the purpose of comparing the

signature. The defendant was present at the trial. He made no offer to disprove the genuineness of the signature to the deed, a matter which he could easily have done, if it had not been genuine; and it was thereupon admitted for comparison only.

The defendant urges that this was improper, because he says that a certified copy from the record would, on this principle, be equally proper as a standard of comparison (*Code C. P.*, 935). But there is no weight in that argument. A certified copy does not purport to contain the signature of the party, but on the contrary purports to contain a copy thereof. The original deed purports to contain the genuine signature.

We think there was not an absence of all evidence as to the genuineness of the signature to the deed. And therefore there was no error in this respect.

It is again urged that there was no proof of identity between the signer of the deed and the defendant. Identity of name coupled with the fact that the defendant made no offer to disprove the assertion that he was the signer of the deed was enough to authorize the court to hold the signature of the deed to be the defendant's.

The plaintiff was asked whether that was the signature of the defendant attached to the note; and this was excluded. It did not appear that the plaintiff had any knowledge as to the making of the note or as to the defendant's handwriting. It does not seem therefore that he could have given any evidence in aid of the defendant's case on this point.

He afterwards stated that from the evidence before him the signature was defendant's. That testimony was objected to after it had been given. But there was no ruling. It proved nothing and was of no consequence.

On behalf of the defendant one Phair has testified that the signature to the note was not the defendant's. In order to discredit this testimony he was asked on cross-examination as to certain statements which he had made to the plaintiff respecting this note. And afterwards the plaintiff was allowed to

Hall agt. Van Vrankin.

contradict Phair's testimony on this point. The testimony of Phair on his cross-examination was not so collateral that the plaintiff might not contradict it.

The admission of the defendant as to the existence of the note was coupled with the assertion that it had been paid. The fact that the note was still in the possession of the plaintiff tended to contradict the defendant's assertion that it had been paid.

The important question in this case is that which is first discussed in the opinion. The others are of little consequence. And we may add, that under the Iowa statute referred to the instrument used for comparison is to be " proved to be genuine " — not proved to the satisfaction of the court. Thus it would seem that the question of genuineness in that state is one for the jury.

We cannot for that reason give much weight to *Hyde* agt. *Woll* (1 *Iowa*, 159). An examination of the opinion in this case convinces us that it cannot be taken as a well considered exposition of the law. Doubt is therein expressed whether a writing used for comparison can be proved by the testimony of witnesses who have only seen the party write, if they have not seen him write that identical paper. And the court, in that case, does not appreciate the reason of the old rule (abolished by the statute under consideration) which forbade the introduction of writings merely for the purpose of comparison.

The statute allowing comparison of writings is most beneficial. Any one who has had experience in the trial of questions of disputed handwriting must have seen the worthlessness of expert testimony. Nothing can be so useful on this class of questions, which are generally perplexing, as to permit an examination with other writings proved to be genuine to the satisfaction of the court. And on this collateral matter we may safely repose a liberal discretion in the trial judge who sees much from the conduct of the parties that does not appear on appeal papers.

Judgment affirmed, with costs.